Technical Industrial Consultants, Inc. v. Commissioner.
Technical Industrial Consultants, Inc. v. Commissioner
Docket No. 5440-64.
United States Tax Court
T.C. Memo 1966-150; 1966 Tax Ct. Memo LEXIS 136; 25 T.C.M. (CCH) 804; T.C.M. (RIA) 66150; June 27, 1966
*136 Joseph N. Ingolia, for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent has determined a deficiency of $11,983.02 in petitioner's income tax liability for its fiscal year ended May 31, 1961, and a penalty under section 6653(b), Internal Revenue Code of 1954, in the amount of $6,371.44, the latter figure being explained as "50% of ($18,279.97 [the income tax liability as corrected] less $5,537.10 [the income tax liability shown on return])." Respondent's determination is based on "Adjustments to Income" detailed in the statement attached to his notice of deficiency as follows: Taxable income reported on return
$18,457.01
Additional income and unallowed
deductions: (a) Entertainment ex-
pense
$ 6,573.25
(b) Travel expense
2,767.86
(c) Rent expense
425.00
(d) Office expense
900.00
(e) Net operating loss
deduction
16,478.80
(f) Gifts
89.00
(g) Dues and subscrip-
tions
39.80
27,273.71
Corrected taxable income
$45,730.72
In his answer to the petition filed herein respondent affirmatively alleged facts to the general effect that petitioner's "* * * return was false and *137 fraudulent in that the petitioner knowingly and with fraudulent intent to evade the tax claimed erroneous deductions on the income tax return." These allegations were denied in petitioner's reply. This case was set for trial at Washington, D.C., on May 2, 1966, at which time and place there was no appearance by or on behalf of petitioner. On the Court's own motion the trial was continued to May 16, 1966, at which time there was again no appearance by or on behalf of petitioner. Thereupon, respondent filed a "Motion to Dismiss As to the Tax Deficiency for Failure Properly to Prosecute," which was taken under advisement, and presented testimony in support of his allegations of fraud. Respondent's said motion to dismiss as to the tax deficiency is hereby granted. Findings of Fact Petitioner was a corporation organized as such on April 3, 1959, with its principal place of business in Washington, D.C., and carried on its corporate activities from that date through the taxable year ended May 31, 1961. It was organized to acquire and carry on the business of a partnership composed of Gerald Theunick and Dennis Chavez and formed by them in January 1959 for the purpose of representing *138 business concerns in attempting to obtain government contracts through their familiarity "with the inner workings of the federal government" and their "contacts." [1]
Theunick and Chavez held themselves out to be engineering consultants although Theunick's formal education ended with high school and Chavez was a lawyer. Petitioner kept no books of account until about the middle of 1960. Its Federal income tax return for the period April 3, 1959 through May 31, 1959, was prepared from the personal records of Theunick and Chavez. Its return for this period reported the receipt of no income although it did have income during that period consisting of fees paid to it by three clients or principals in the total sum of at least $29,500. [2] The return reported a loss for this period in the amount of $8,745.60. Petitioner had no loss and knew that it had no loss for this period which might be the subject of a net operating loss deduction for succeeding years. *139 In its income tax return for the taxable year ended May 31, 1960, petitioner reported the receipt of income in the total amount of $127,750, and an operating loss for that year in the amount of $5,329.15. During that year petitioner received income on account of payments of fees by clients or principals in the total sum of approximately $176,000. Petitioner had no loss and knew that it had no loss for this period which might be the subject of a net operating loss deduction for succeeding years. The fees paid by petitioner's clients or principals which were not reported in petitioner's returns for the taxable years ended May 31, 1959, and May 31, 1960, were paid by them pursuant to invoices of petitioner but were diverted to the personal use of Theunick and Chavez without going into the accounts of petitioner. On its income tax return for the taxable year before us in this proceeding (the fiscal year ended May 31, 1961) filed by petitioner in the month of August 1961, petitioner reported a net profit from its business of $35,064.61. From this it deducted a net operating loss deduction of $14,074.75, consisting of the operating loss falsely shown on its return for the period ended *140 May 31, 1959, in the sum of $8,745.60, plus the sum of $5,329.15, falsely shown as its loss for the year ended May 31, 1960. In computing its net taxable income for the year ended May 31, 1961, petitioner deducted the sum of $425 as a business expense on account of rent. This was an "expense involved in renting an apartment at Kennedy-Warren" (an apartment house in Washington, D.C.) "for the personal use of Mr. Theunick and his girl friend." Petitioner's income tax return for the taxable year ended May 31, 1961, reported "Taxable income before special deductions" in the amount of $18,457.01. The correct amount of its taxable income for the year is $45,730.72. There is a deficiency in petitioner's income tax for the taxable year in the amount of $11,983.02, as determined by the respondent. A part of the deficiency in petitioner's Federal income tax for its fiscal year ended May 31, 1961, as determined by respondent, is due to fraud. Opinion KERN, Judge: The sole question for our determination herein is whether respondent has proved by clear and convincing evidence that some part of the deficiency here involved is due to fraud within the meaning of section 6653(b) of the Internal Revenue Code *141 of 1954. See also, section 6653(c). In our opinion such proof has been made. The record herein shows that petitioner in computing its tax liability for the taxable year took a net operating loss deduction in a substantial amount which was nonexistent and was known by petitioner to be nonexistent. The record also shows that petitioner deducted on its return for the taxable year as a business expense of its own an item on account of rent which, although small in amount, was obviously (even shockingly) a personal expense of one of its officers, rather than a business expense of the corporate petitioner. Accordingly, Decision will be entered for the respondent. Footnotes
1. The quoted language in these findings is from the testimony of respondent's witness.↩
2. This is the total amount shown in respondent's notice of deficiency covering this period as attached to petition in Docket No. 4901-65, a case involving the 2 taxable years of petitioner prior to the taxable year in this proceeding and in which the affirmative allegations in respondent's answer were deemed to be admitted by virtue of an order entered therein under Rule 18 of our Rules of Practice. This total amount includes fees paid to petitioner by Copco Steel and Engineering Company in the total amount of $5,000. The oral testimony adduced in this proceeding appears to be to the effect that the fees paid by this company totaled $59,500.↩